# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| LANCE LIU,<br>      Plaintiff, | No. 3:22-cv-996 (SRU) |
| v. | |
| ANTHONY MINCHELLA, et al.,<br>      Defendants. | |

## ORDER ON MOTIONS TO DISMISS, FOR JOINDER, AND TO AMEND COMPLAINT

Plaintiff Lance Liu ("Liu") seeks relief in federal court for the ongoing and expected costs of a pending state court action brought by the defendants against Liu's wife. For the reasons set forth below, the defendants' motion to dismiss is **granted**. *See* Doc. No. 39. Additionally, Liu's motion for joinder and to amend the complaint is **denied** as futile. *See* Doc. No. 49. Liu's motion for an expedited status conference on the issue of joinder is **denied as moot**. *See* Doc. No. 52.

## I.      Background

Lance Liu brings the instant action against defendants Anthony Minchella ("Minchella"), John Doran ("Doran"), and Raymond Lesko ("Lesko"). Liu seeks relief for claimed injuries related to an underlying state tort action in which Lesko, a United States Postal Service ("USPS") worker, represented by Minchella and Doran, sued Liu's wife for compensation for injuries resulting from Lesko's slip and fall on Liu's wife's property (the "Property"). The underlying state tort action (the "State Action") is currently pending in Connecticut Superior Court, and on December 16, 2022, Judge D'Andrea of the Connecticut Superior Court entered an order approving a stipulation concerning a prejudgment remedy in the amount of $175,000

against Liu's wife. *See Lesko v. Li*, Dkt. No. UWY-CV21-6061217-S, Doc. No. 132.[1] In the instant federal action, Liu alleges that the defendants initiated the State Action illegitimately, and Liu seeks relief accordingly. *See generally* Doc. No. 38.

Liu brings fourteen claims in his amended complaint, including discrimination in violation of 42 U.S.C. § 2000d, abuse of process, violation of the Connecticut Unfair Trade Practices Act, violations of the Connecticut Practice Book, and violations of Liu's Fifth and Fourteenth Amendment rights. *See id.* The defendants have filed a motion to dismiss Liu's amended complaint for lack of subject-matter jurisdiction and failure to state a claim upon which relief can be granted. Doc. No. 39; Doc. No. 40.

Liu has also filed a motion seeking to join the USPS as additional defendant and to make several changes to his first amended complaint. *See* Doc. No. 49. The defendants object to Liu's request to amend. *See* Doc. No. 50; *see also* Doc. No. 51.

For the reasons articulated below, the defendants' motion to dismiss is **granted**, and Liu's motion for joinder and to amend his complaint is **denied** as futile.

## II.     Standard of Review

### A.   Rule 12(b)(1)

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000); *see* Fed. R. Civ. P. 12(b)(1). To survive a motion brought under Rule 12(b)(1), a plaintiff "has the burden of proving by a preponderance of the evidence that [subject matter jurisdiction] exists." *McArthur v. Nail Plus*, 2022 WL 1605538, at *1 (D. Conn. May 20, 2022) (quoting *Makarova*, 201 F.3d at 113); *see also Thompson v. Cnty.*

---

[1] A court may take judicial notice of public records, including court filings and docket sheets. *See Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006).

*of Franklin*, 15 F.3d 245, 249 (2d Cir. 1994). "In adjudicating a Rule 12(b)(1) motion, the Court is not limited to the pleadings, but may instead consider all evidentiary material bearing on whether it has subject matter jurisdiction." *Young Advocs. for Fair Educ. v. Cuomo*, 359 F. Supp. 3d 215, 229-30 (E.D.N.Y. 2019) (citing *Kamen v. Am. Tel. & Tel. Co.*, 791 F.2d 1006, 1011 (2d Cir. 1986)).

### B.  Rule 12(b)(6)

"When deciding a motion to dismiss under Rule 12(b)(6), the court must accept the material facts alleged in the complaint as true, draw all reasonable inferences in favor of the plaintiffs, and decide whether it is plausible that plaintiffs have a valid claim for relief." *Zuro v. Town of Darien*, 432 F. Supp. 3d 116, 121 (D. Conn. 2020) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007); *Leeds v. Meltz*, 85 F.3d 51, 53 (2d Cir. 1996)). "Factual allegations must be enough to raise a right to relief above the speculative level," and a plaintiff's "formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

### C.  *Pro Se* Attorney Standard

It is well-established that, in general, "[*p*]*ro se* complaints 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)). However, "the appropriate degree of special solicitude is not identical with regard to all *pro se* litigants." *Tracy v. Freshwater*, 623 F.3d 90, 102 (2d Cir. 2010). "[T]he degree of solicitude may be lessened where the particular *pro se* litigant is experienced in litigation and familiar with the procedural setting presented. The ultimate extension of this reasoning is that a lawyer representing himself ordinarily receives no such solicitude at all." *Id*.

3

(citations omitted). Liu is an attorney admitted in New Jersey and New York. *See* Doc. No. 43-1 at 9-10. Liu "does not object to this Court taking judicial notice [of his bar membership] and hold[ing] [Liu] to be a 'guest officer' or the equivalence of 'pro hac vice' admission in this case." *Id*. at 10. Accordingly, I decline to accord Liu the degree of special solicitude reserved for *pro se* litigants.

### III.      Discussion

A.      <u>Non-Constitutional Law Claims</u>

In his amended complaint, Liu brings eleven claims not based in constitutional law: violation of 42 U.S.C. § 2000d ("Title VI"); a claim seeking declaratory relief that, *inter alia*, Lesko was a trespasser on the Property; abuse of process; violation of Connecticut General Statutes Section 42-110b and 42-110g; common law fraud; tortious interference with a business relationship; violation of Connecticut Unfair Trade Practices Act; a claim seeking declaratory relief that Minchella violated Connecticut Practice Book Section 14-8(a); a claim seeking declaratory relief that Minchella and Doran violated Connecticut Practice Book Section 1.16(a); a claim seeking declaratory relief that Minchella and Doran violated Connecticut Practice Book Section 3.7(a); and a claim seeking declaratory relief that Minchella violated Connecticut Practice Book Section 3.3(a). *See generally* Doc. No. 38. For the reasons explained below, Liu's non-constitutional law claims are dismissed.

1.      *Standing for Non-Constitutional Law Claims*

"At the outset of any case, the Court must consider whether the action falls within its subject matter jurisdiction." *Speer v. City of New London*, 537 F. Supp. 3d 212, 223 (D. Conn. 2021). The defendants argue that Liu's amended complaint should be dismissed because he lacks standing. Doc No. 40 at 29. To establish standing under Article III, a plaintiff has the burden of

satisfying three elements: (1) an "injury in fact" that is both "concrete and particularized" and "actual or imminent"; (2) causation; and (3) redressability. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992); *see also Calcano v. Swarovski N. Am. Ltd.*, 36 F.4th 68, 74 (2d Cir. 2022).

Liu is not a party to the State Action, which was brought by Lesko against Liu's wife, Danping Li ("Li"). *See* Doc. No. 40-1 at 2. Moreover, Liu does not own the Property at which Lesko allegedly slipped and fell. *See* Doc. No. 40-1 at 8 (stipulation entered by Li in the State Action asserting that she is the sole owner of record of the Property). The State Action determining liability for Lesko's alleged slip and fall is currently pending in the Superior Court of Connecticut. On November 28, 2022, the Superior Court of Connecticut entered an order in the State Action granting Lesko "a prejudgment attachment in the amount of $175,000" against Li's property. *See Lesko v. Li*, Dkt. No. UWY-CV21-6061217-S, Doc. 132.

Liu claims that he has suffered an injury in an amount of "more than $175,000." *See* Doc. No. 43-1 at 30. Liu alleges that he and his wife, Danping Li ("Li"), entered into an agreement wherein "Li would buy properties and give Liu the exclusive authority to manage the properties to earn his living expenses and to repay his debts." Doc. No. 43-2 at 1. Liu argues that as a consequence of the prejudgment remedy in the State Action, Liu "was required to indemnify his wife [Li] for damages in an amount of more than $175,000." Doc. No. 47 at 5.

Even if Liu paid Li $175,000 in anticipation of an adverse outcome in the State Action, such a payment would not constitute an injury in fact sufficient for Article III standing. A "plaintiff must allege 'an injury-in-fact that is fairly traceable to the challenged action of the defendant.'" *Mid-Hudson Catskill Rural Migrant Ministry, Inc. v. Fine Host Corp*., 418 F.3d 168, 174 (2d Cir. 2005) (quoting *Jenkins v. United States*, 386 F.3d 415, 417 (2d Cir. 2004)). To

satisfy the causation or traceability requirement of constitutional standing, "there must be a causal connection between the injury and the conduct complained of—the injury . . . [cannot be] th[e] result [of] the independent action of some third party not before the court.'" *Lujan*, 504 U.S. at 560 (citation omitted). Liu elected to pay Li all "costs [and] expenses" for the State Action in an agreement that Liu and Li entered two years after Lesko's alleged slip and fall. Doc. No. 43-2. As a result of that agreement, Liu alleges he "was required to indemnify his wife for damages in an amount of more than $175,000." Doc. No. 47 at 5. Such a financial injury was brought forth by Liu's agreement with Li and is not "fairly traceable" to the defendants' actions. *See Jenkins*, 386 F.3d at 417 (citation omitted). Liu therefore has not pled an injury in fact in his own right sufficient to satisfy the requirements of Article III standing for his non-constitutional claims. Accordingly, Liu's non-constitutional law claims are dismissed pursuant to Rule 12(b)(1). *See* Fed. R. Civ. P. 12(b)(1).

2.   *Connecticut Practice Book Claims*

Separately, Liu also argues that, by virtue of his status as a lawyer, he has standing to sue Minchella and Doran for their violations of various provisions of the Connecticut Practice Book, as well as the Connecticut Rules for the Superior Court. *See* Doc No. 38 at 15-17; Doc. No. 43-1 at 26-27. As discussed in greater in Section III.A.1, Liu has not met his burden to allege an injury in fact necessary to confer standing. In addition, Liu cannot bring those claims because the Connecticut "Rules of Professional Conduct do not of themselves give rise to a cause of action." *Noble v. Marshall*, 23 Conn. App. 227, 231 (1990). Likewise, the Connecticut Rules for the Superior Court also do not "create substantive rights" from which Liu may derive a cause of action. *See Tierinni v. Millinger*, 2018 WL 5099734, *5 (Conn. Super. Ct. Oct. 2, 2018). Liu's Connecticut Practice Book claims are therefore dismissed.

6

3.      *Title VI Claim*

In addition to the jurisdictional deficiencies previously outlined in Section III.A.1, Liu also cannot plausibly state a claim under Title VI against the defendants. The statute states that "[n]o person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 42 U.S.C. § 2000d.

The plain text of the statute applies only "to discrimination under *any program or activity receiving Federal financial assistance*." 42 U.S.C. § 2000d (emphasis added); *see also* 42 U.S.C. § 2000d-4a (defining "program or activity"). As such, "[t]he proper defendant in [a Title VI] case is the entity that receives federal financial assistance, not an individual." *Kelly v. Rice*, 375 F. Supp. 2d 203, 208 (S.D.N.Y. 2005); *see also Price ex rel. Price v. La. Dep't of Educ.*, 329 F. App'x 559, 561 (5th Cir. 2009) (per curiam); *Shotz v. City of Plantation, Fla*., 344 F.3d 1161, 1171 (11th Cir. 2003) ("It is beyond question . . . that individuals are not liable under Title VI.").

In the alternative, Liu alleges that the defendants "formed an informal business partnership using [a] profit sharing agreement to engage in prohibited activities, with a shared business liability insurance policy . . . [that] can be a recipient of federal financial assistance." Doc. No. 43 at 2. Under Liu's theory, Lesko receives federal financial assistance through his employment with USPS, Lesko "imputed his 'recipient of federal financial assistance' status to Defendant Minchella and Defendant Doran through their profit-sharing agreement," and that agreement constitutes an "informal business partnership." Doc. No. 38 at ¶¶ 24-25; Doc. No. 43 at 2. Even if I were to accept those conclusory allegations as true, Title VI's definition of "program or activity" is not so broad. The statute defines "program or activity" only to include the operations of the following:

(1)(A) a department, agency, special purpose district, or other instrumentality of a State or of a local government; or

(B) the entity of such State or local government that distributes such assistance and each such department or agency (and each other State or local government entity) to which the assistance is extended, in the case of assistance to a State or local government;

(2)(A) a college, university, or other postsecondary institution, or a public system of higher education; or

(B) a local educational agency (as defined in section 7801 of Title 20), system of vocational education, or other school system;

(3)(A) an entire corporation, partnership, or other private organization, or an entire sole proprietorship—

(i) if assistance is extended to such corporation, partnership, private organization, or sole proprietorship as a whole; or

(ii) which is principally engaged in the business of providing education, health care, housing, social services, or parks and recreation; or

(B) the entire plant or other comparable, geographically separate facility to which Federal financial assistance is extended, in the case of any other corporation, partnership, private organization, or sole proprietorship; or

(4) any other entity which is established by two or more of the entities described in paragraph (1), (2), or (3);

any part of which is extended Federal financial assistance.

42 U.S.C.A. § 2000d-4a. The "informal business partnership" Liu describes differs from any of

the entity categories outlined by the statute, and therefore it is not covered by Title VI.

Moreover, even if such a partnership were covered by the statute, the entity would be the proper

defendant against which Liu would need to bring suit—not the entity's individual members. *Cf.*

*Eldars v. State Univ. of N.Y. at Albany*, 2020 WL 2542957, at *8 (N.D.N.Y. May 19, 2020).

Accordingly, Liu's Title VI claim is dismissed.

B.   Takings Clause Claim

Liu also brings a claim against the defendants for violation of the Takings Clause of the Fifth Amendment. Liu argues that "Lesko, together with [Minchella] and [Doran], tried to shift the financial burden of the USPS to the Plaintiff, directly or indirectly, with their frivolous State Court Action." Doc. No. 38 at ¶ 175. Liu asserts that in initiating a "frivolous State Court Action," the defendants effectively took his "financial resources" and put those resources "for public use (to reimburse USPS worker's comp[ensation] expenses.)" *Id*. at ¶ 176.

The Takings Clause states that "private property [shall not] be taken for public use, without just compensation." U.S. Const., amend. V. "The Fifth Amendment's guarantee that private property shall not be taken for a public use without just compensation was designed to bar Government from forcing some people alone to bear public burdens which, in all fairness and justice, should be borne by the public as a whole." *Armstrong v. United States*, 364 U.S. 40, 49, (1960).

As a preliminary matter, for reasons set forth in greater detail in Section III.A.1, Liu has not alleged an injury in fact necessary to support Article III standing for his Takings Clause claim. Liu has no property interest in Li's property, doc. no. 40-1 at 8; he is not a party to the State Court Action, doc. no. 40-1 at 2; and, even to the extent he was obligated to indemnify Li, that obligation stemmed from a contract he independently elected to enter and not from any action fairly traceable to the defendants. *See* Doc. No. 43-2; Doc. No. 47 at 5. Accordingly, Liu has not pled a "concrete and particularized," "actual or imminent," injury that is "fairly traceable" to any of the defendants. *See Lujan*, 504 U.S. at 560 (cleaned up); *see also Jenkins*, 386 F.3d at 417. Therefore, Liu does not have standing to bring his Takings Clause claim.

Moreover, even assuming *arguendo* that Liu had standing to bring his Takings Clause claim, Liu has not stated a plausible Takings Clause claim against any of the three defendants.

There are two types of takings: (1) "[w]hen the government physically acquires private property for a public use"; and (2) "[w]hen the government, rather than appropriating private property for itself or a third party, instead imposes regulations that restrict an owner's ability to use his own property." *Cedar Point Nursery v. Hassid*, 141 S. Ct. 2063, 2071-72 (2021). Physical takings include when the government "uses its power of eminent domain to formally condemn property, . . . when the government physically takes possession of property without acquiring title to it, . . . [or] "when it occupies property." *Id.* "Physical takings are characterized by a deprivation of the 'entire bundle of property rights' in the affected property interest—'the rights to possess, use and dispose of' it." *Cmty. Hous. Improvement Program v. City of New York*, 492 F. Supp. 3d 33, 43 (E.D.N.Y. 2020), *aff'd*, 59 F.4th 540 (2d Cir. 2023) (citation omitted). Regulatory takings, on the other hand, require courts to "engag[e] in . . . essentially ad hoc, factual inquiries" considering several factors, including the "economic impact of the regulation . . . and, particularly, the extent to which the regulation has interfered with distinct investment-backed expectations." *Penn Cent. Transp. Co. v. City of New York*, 438 U.S. 104, 124 (1978). The Supreme Court "has dismissed 'taking' challenges on the ground that, while the challenged government action caused economic harm, it did not interfere with interests that were sufficiently bound up with the reasonable expectations of the claimant to constitute 'property' for Fifth Amendment purposes." *Id.* at 124-25.

"In order to state a Takings Clause claim, [a] plaintiff must allege facts sufficient to establish a 'protected property interest.'" *Inclusion First, LLC v. Macy*, 2015 WL 8476329, at *4 (D. Conn. Sept. 23, 2015) (quoting *Story v. Green*, 978 F.2d 60, 62 (2d Cir. 1992)). As previously discussed, Liu does not have an ownership interest in Li's property. Furthermore, although Liu claims he lost financial resources as a result of the State Court Action, Liu is under

no legal obligation to expend resources on the State Court Action—he merely chose to enter a

contract with Li requiring him to indemnify her. *See* Doc. No. 43-2; Doc. No. 47 at 5. Because

"there is no legal compulsion," Liu has not plausibly alleged that he has suffered a taking. *See*

*Inclusion First*, 2015 WL 8476329, at *5 (quoting *Garelick v. Sullivan*, 987 F.2d 913, 916 (2d

Cir. 1993)). Liu's Takings Clause claim is therefore dismissed. *See* Fed. R. Civ. P. 12(b)(1); Fed.

R. Civ. P. 12(b)(6).

C.    Due Process and Equal Protection Claims

Liu also claims that the defendants violated his Fifth Amendment due process rights and

his Fourteenth Amendment equal protection and due process rights. *See* Doc. No. 38 at 18-19.

The defendants move to dismiss the claims for lack of standing and for failure to state a claim.

*See* Doc. No. 40 at 10-16, 29-31

1.    *Standing for Due Process and Equal Protection Claims*

In general, a violation of a "substantive constitutional right" can serve as an identifiable

harm sufficient for establishing standing. *See Youth Alive v. Hauppauge Sch. Dist.*, 2012 WL

4891561, at *4 (E.D.N.Y. Oct. 15, 2012) (collecting cases). Because this case is in the early

pleading stage, I conclude that Liu has sufficiently alleged standing to bring his due process and

equal protection claims. *See Bennett v. Spear*, 520 U.S. 154, 168 (1997) ("At the pleading stage,

general factual allegations of injury resulting from the defendant's conduct may suffice [for

standing], for on a motion to dismiss we presume that general allegations embrace those specific

facts that are necessary to support the claim.") (cleaned up) (quoting *Lujan*, 504 U.S. at 561).

11

2.     *Fifth Amendment Due Process Claim*

Liu brings a claim contending that the defendants violated his Fifth Amendment

procedural and substantive due process rights. Doc. No. 38 at 18-19. Liu alleges that Lesko

violated Liu's right to procedural due process "when he trespassed . . . without notice and

hearing," "when he forced [Liu] to treat him as a guest while trespassing . . . without notice and

hearing," and when "he forced [Liu] to treat him as a guest while hiding or failing to disclose his

multiple DUI convictions and bankruptcy filings." *Id*. at ¶¶ 163-165. Liu also argues that Lesko

violated Liu's right to substantive due process "when he faked a slip and fall incident . . . for a

frivolous lawsuit, causing substantial financial damages to [Liu]." *Id*. at ¶ 168. Liu further seeks

relief from Minchella and Doran for the same violations, arguing that the two defendants "acted

on behalf of" Lesko. *Id*. at ¶ 169. The defendants move to dismiss Liu's Fifth Amendment Due

Process claim on two principal grounds—that Liu has failed to state a claim pursuant to the Fifth

Amendment Due Process Clause and that the claim does not constitute a cognizable *Bivens*

claim. Doc. No. 40 at 11-12.

The right to due process "protects persons against deprivations of life, liberty, or property

without due process of law, and 'those who seek to invoke its procedural protection must

establish that one of these interests is at stake.'" *Victory v. Pataki*, 814 F.3d 47, 59 (2d Cir. 2016)

(quoting *Graziano v. Pataki*, 689 F.3d 110, 114 (2d Cir. 2012)). To state a procedural due

process claim, a plaintiff must first allege "a liberty or property interest of which [they have]

been deprived." *Id*. (quoting *Swarthout v. Cooke*, 562 U.S. 216, 219 (2011) (per curiam)). "A

liberty interest may arise from the Constitution itself, by reason of guarantees implicit in the

word 'liberty,' . . . or it may arise from an expectation or interest created by state laws or

policies." *Wilkinson*, 545 U.S. at 221.

"In order to have a protected property interest, a plaintiff must have a legitimate claim of entitlement to it. An abstract need or desire for the benefit or a unilateral expectation of the benefit is not sufficient." *Torres-Hicks v. Connecticut Hous. Fin. Auth.*, 575 F. Supp. 2d 393, 404 (D. Conn. 2008) (cleaned up and internal citation omitted). "Property interests . . . are not created by the Constitution. Rather they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law." *Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 577 (1972).

Liu does not have an ownership interest in Li's property. *See Lesko v. Li*, Dkt. No. UWY-CV21-6061217-S, Doc. No. 130, at ¶ 1 (stipulation by Li that "she is the sole owner of record of property known as 175 Rubber Avenue, Naugatuck, Connecticut" and "that there are no liens, mortgages or encumbrances on the Property, and that she has good, marketable title to the Property"); *see also In re Edwards*, 400 B.R. 345, 347 (D. Conn. 2008)  ("[I]n Connecticut . . . the state's property laws emphasize the independent property rights of husband and wife.").

Liu further alleges that he "makes a living helping his spouse . . . to trade, maintain, [and] rent real estate . . . with the obligations to reimburse Li for all losses resulting from [the] operation, including litigation." Doc. No. 38 at ¶ 1. Liu's interest in operating a business, however, is "principally financial" and "does not come under due process protection," unlike, for example, "an individual's interest in the termination of social security benefits or tenured employment." *Hotel Syracuse, Inc. v. Young,* 805 F. Supp. 1073, 1084-85 (N.D.N.Y. 1992) (rejecting an argument that the interest in owning and operating a hotel was a property interest protected by the Due Process Clause); *see also S & D Maint. Co. v. Goldin*, 844 F.2d 962, 966 (2d Cir. 1988). Thus, even to the extent that Liu "manages" Li's property pursuant to a business

agreement between the two, that arrangement does not provide Liu with a "legitimate claim of entitlement" over the Property protected by the right to due process. *RRI Realty Corp. v. Inc. Vill. of Southampton*, 870 F.2d 911, 915 (2d Cir. 1989) (quoting *Bd. of Regents*, 408 U.S. at 577); *see generally id.* at 914-18.  Therefore, Liu cannot allege a property interest sufficient to support his claim that Lesko violated his due process rights by trespassing upon Li's property.

Furthermore, Liu has not alleged a liberty interest of which he has been deprived. "Liberty interests may arise directly from the Due Process Clause itself or from statutes, regulations, or policies enacted by the state." *Victory*, 814 F.3d at 59 (citing *Wilkinson*, 545 U.S. at 221-22). Liu has not alleged an expectation or interest created by state laws or policies. *See Paul v. Davis*, 424 U.S. 693, 712 (1976) (determining that a harm or injury to an interest merely protected by the State "by virtue of its tort law" is not a "deprivation of any 'liberty' or 'property'" for due process purposes). Nor has Liu alleged a liberty interest "implicit in the word 'liberty.'" *See Wilkinson*, 545 U.S. at 221. *Cf., e.g.*, *Vitek v. Jones*, 445 U.S. 480, 491-92 (1980) ("We have recognized that for the ordinary citizen, commitment to a mental hospital produces 'a massive curtailment of liberty,' . . . and in consequence 'requires due process protection.'"); *Ingraham v. Wright*, 430 U.S. 651, 652 (1977) ("Freedom from bodily restraint and punishment is within the liberty interest in personal security that has historically been protected from state deprivation without due process of law.").

Moreover, Liu's due process claim against Lesko is not cognizable under *Bivens*. Liu argues that "[s]ince . . . Lesko is within his capacity as an employee of . . . USPS while allegedly delivering mail[] to the Property, his actions are subject to purview of this Court . . . pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971)." Doc. No. 38 at ¶ 160 (cleaned up). To the extent that Liu brings a due process claim against

Lesko in his official capacity, that claim is barred. A *Bivens* action cannot be brought against a

federal official in her official capacity because "[a] claim against a federal employee in her

official capacity is, essentially, a suit against the United States." *Pimentel v. Deboo*, 411 F. Supp.

2d 118, 126 (D. Conn. 2006). Thus, Liu's due process claim against Lesko in his official

capacity is barred by the doctrine of sovereign immunity. *See Robinson v. Overseas Military

Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994). In the alternative, to the extent that Liu brings his

due process claim against Lesko in his individual capacity, that claim is also not cognizable. In

recent years, the Supreme Court has significantly cabined the applicability of *Bivens*. *See, e.g.*,

*Egbert v. Boule*, 142 S. Ct. 1793 (2022); *Ziglar v. Abbasi*, 582 U.S. 120 (2017). The Supreme

Court now instructs courts to determine "whether the [*Bivens*] claim arises in a new *Bivens*

context, *i.e.*, whether 'the case is different in a meaningful way from previous *Bivens* cases

decided by this Court.'" *Ziglar*, 582 U.S. at 147 (citation omitted). The Court has outlined

several factors that might distinguish a case from previous *Bivens* cases:

> A case might differ in a meaningful way because of the rank of the
> officers involved; the constitutional right at issue; the generality or
> specificity of the official action; the extent of judicial guidance as to how
> an officer should respond to the problem or emergency to be confronted;
> the statutory or other legal mandate under which the officer was operating;
> the risk of disruptive intrusion by the Judiciary into the functioning of
> other branches; or the presence of potential special factors that previous
> *Bivens* cases did not consider.

*Id*. at 139-40. The Supreme Court has only once extended *Bivens* to a due process claim, and that

claim was a Fifth Amendment sex discrimination claim based on termination of employment.

*See Davis v. Passman*, 442 U.S. 228 (1979); *see also Egbert*, 142 S. Ct. at 1813 (Sotomayor, J.,

concurring in part and dissenting in part). Liu's due process claim against Lesko differs

substantially from that context and is therefore not cognizable under *Bivens*.

Accordingly, for the foregoing reasons, Liu's due process claim is dismissed. *See* Fed. R. Civ. P. 12(b)(6).

3.      *Fourteenth Amendment Claims*

Liu also brings a claim for violation of his equal protection and due process rights under the Fourteenth Amendment. The Fourteenth Amendment protects individuals' rights *vis a vis* states. *See* U.S. Const. amend. XIV; *Hibben v. Smith*, 191 U.S. 310, 325-26 (1903); *Bowles v. Willingham*, 321 U.S. 503, 518 (1944). Thus, Liu cannot bring a Fourteenth Amendment claim against any of the defendants because they are all non-state actors. *See Russo v. Glasser*, 279 F. Supp. 2d 136, 142 (D. Conn. 2003) ("The Fourteenth Amendment applies to state action and not federal action."); *see also Paul v. Redwood Nat'l & State Parks Dep't*, 2018 WL 4859317, at *7 (N.D. Cal. Oct. 5, 2018); *Tucker v. United States*, 2013 WL 4498897, at *4 (D. Utah Aug. 19, 2013). Accordingly, Liu's Fourteenth Amendment claims are dismissed for failure to state a claim. Fed. R. Civ. P. 12(b)(6).

D.      <u>Remaining State Law Claims</u>

As previously articulated, Liu lacks standing to bring his non-constitutional law claims. To the extent, however, that any of his state law claims survive, I decline to exercise supplemental jurisdiction over those claims. *See* 28 U.S.C. § 1367(c)(3); *Astra Media Grp., LLC v. Clear Channel Taxi Media, LLC*, 414 F. App'x 334, 337 (2d Cir. 2011) (advising that "where all the federal claims have been dismissed at a relatively early stage, the district court should decline to exercise supplemental jurisdiction over pendent state-law claims").

E.   <u>Liu's Motion for Joinder and to Amend his Complaint</u>

On April 26, 2023, Liu filed a motion seeking to join the USPS as an additional

defendant and requesting to amend his first amended complaint. *See* Doc. No. 49. The

defendants objected to the motion, arguing that Liu's repeated attempts to amend his complaint

unduly prejudice them. *See* Doc. No. 50 at 4.

In addition to adding the USPS as a defendant to this action, Liu seeks to make the

following changes to his complaint: Liu seeks to withdraw his claim that defendants violated his

Fourteenth Amendment right to equal protection and due process. He also seeks to bring the

following claims against the USPS as an additional defendant: his claim seeking declaratory

relief that, *inter alia*, Lesko was a trespasser on the Property; his common law fraud claim; his

Connecticut Unfair Trade Practices Act claim; and his Fifth Amendment Takings Clause claim.

Finally, he seeks to add six new claims to his amended complaint: a Federal Tort Claims Act

("FTCA") negligence claim; an FTCA negligence per se claim; an FTCA strict liability claim; an

FTCA trespassing claim; a new Fifth Amendment due process claim; and an Administrative

Procedure Act claim. *See* Doc. No. 49-1 at 2-9.

A plaintiff can "amend its pleading once as a matter of course" within "21 days after

serving it, or if the pleading is one to which a responsive pleading is required, 21 days after

service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f),

whichever is earlier." Fed. R. Civ. P. 15(a)(1). Because those deadlines have passed for Liu, Rule

15 instructs that in those other circumstances, "a party may amend its pleading only with the

opposing party's written consent or the court's leave. The court should freely give leave when

justice so requires." Fed. R. Civ. P. 15(a)(2). A "Court also 'may *sua sponte* grant leave to

amend.'" *Leto v. Bridges Healthcare, Inc*., 2021 WL 3269091, at *10 (D. Conn. July 30, 2021)

(citation omitted). However, "[a]n amendment to a pleading is futile if the proposed claim could

not withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)." *Lucente v. Int'l Bus. Machines Corp*., 310 F.3d 243, 258 (2d Cir. 2002).

First, Liu's new proposed due process claim suffers from the same flaws as the due process claim he brings in his first amended complaint. Liu again fails to allege a cognizable liberty or property interest of which he has been deprived. He does not allege any additional facts establishing a property interest in Li's property beyond the business arrangement by which he "manages" the property. For the same reasons articulated in Section III.C.2, Liu's newly proposed due process claim lacks an allegation of a property interest that would fall under the protection of the Due Process clause. *See Victory*, 814 F.3d at 59.

Liu's proposed due process claim also does not state a cognizable liberty interest. Liu vaguely asserts that he has a "right of free association/dissociation," and that that right was deprived when Lesko trespassed on the Property. Doc. No. 49-1 at 7. Although courts have often recognized the right to association as a liberty interest under the Due Process clause, that recognition is normally limited to the right to intimate association and expressive association. *See Adler v. Pataki*, 185 F.3d 35, 42 (2d Cir. 1999) (collecting cases); *see also Roberts v. U.S. Jaycees*, 468 U.S. 609, 618-20 (1984). Liu's conclusory reference to the right to association, on the other hand, does not suffice. *See Iqbal*, 556 U.S. 662, 678 (2009) ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'") (citing *Twombly*, 550 U.S. at 555, 557). Thus, Liu's newly proposed due process claim could not withstand a motion to dismiss for failure to state a claim. *See Lucente*, 310 F.3d at 258.

Additionally, all of the other new claims Liu seeks to introduce in his proposed amended complaint, including the existing claims to which he seeks to add USPS as a defendant, lack the allegation of a cognizable injury in fact. Liu's proposed amendments include no additional facts that establish that he has suffered an injury in fact that is "concrete and particularized," "actual or imminent," and "fairly traceable" to the defendants' conduct. *Lujan*, 504 U.S. at 560-61 (cleaned up); *Jenkins*, 386 F.3d at 417.

Finally, to the extent that Liu would have standing to bring any of his proposed state law claims, I would decline to exercise supplemental jurisdiction over those claims. *See* 28 U.S.C. § 1367(c)(3); *Astra Media Grp.*, 414 F. App'x at 337.

Accordingly, because Liu's proposed amendments could not withstand a motion to dismiss, his request to amend is futile. *See Love v. New York State Dept of Environmental Conservation*, 529 F. Supp. 832, 845 (S.D.N.Y. 1981) (denying leave to amend on similar grounds). Liu's motion for joinder and to amend his complaint is therefore denied.

## IV.    Conclusion

For the foregoing reasons, the defendants' amended motion to dismiss, doc. no. 39, is **granted**. Liu's claims raised pursuant to the Connecticut Practice Book are **dismissed with prejudice**. Liu's Title VI claim and constitutional law claims are **dismissed with prejudice** against defendants Lesko, Minchella, and Doran.

Liu's motion for joinder and to amend his complaint, doc. no. 49, is **denied.**

Liu's motion for an expedited status conference on the issue of joinder, doc. no. 52, is **denied as moot**.

The Clerk is directed to close this case.

So ordered.

19

Dated at Bridgeport, Connecticut, this 14th day of September 2023.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge